# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER DIXON** | ) | Case No. |
| 202 Fields Road | | |
| West Union, Ohio 45693, | ) | Judge |
| | | |
| Plaintiff, | ) | |
| | | |
| **v.** | ) | |
| | | |
| **WALMART STORES EAST, LP** | ) | **COMPLAINT WITH** |
| 702 Southwest 8th Street | | **JURY DEMAND** |
| Bentonville, Arkansas 72712, | ) | |
| | | |
| and | ) | |
| | | |
| **WAL-MART STORES, INC.** | ) | |
| 702 Southwest 8th Street | | |
| Bentonville, Arkansas 72716, | ) | |
| | | |
| and | ) | |
| | | |
| **WALMART, INC.** | ) | |
| 702 Southwest 8th Street | | |
| Bentonville, Arkansas 72716, | ) | |
| | | |
| Defendants. | ) | |

*******************************

Now comes Plaintiff Jennifer Dixon, by and through counsel, and for her Complaint against Defendants she states as follows:

## PARTIES

1. Defendants Walmart Stores East, LP, Wal-Mart Stores, Inc., and Walmart, Inc., are engaged in the retail sales business, have their principal places of business in Bentonville,

Arkansas, engage in business activities and employment decisions and actions affecting employees at the "West Union Walmart Store" located at 11217 State Route 41, West Union, Ohio 45693, and in specific regard to the allegations in this Complaint are "employers" within the meaning of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Ohio Revised Code Chapter 4112 ("R.C. 4112").

2. Plaintiff was employed at the West Union Walmart Store, and is a covered "employee" as defined by the ADA and R.C. 4112.

## JURISDICTION AND VENUE

3. This honorable Court has federal question jurisdiction over Plaintiff's federal Claims, and supplemental jurisdiction over Plaintiff's state-law claims as they are so related to the claims over which this Court has original jurisdiction as to form part of the same case or controversy.

4. Venue is proper in this honorable Court as the events and conduct giving rise to this Complaint took place in Adams County, Ohio.

## FACTS

5. Plaintiff, a disabled female, most recently prior to the filing of this Complaint worked as a Personnel Coordinator at the West Union Walmart Store No. 1368.

6. Plaintiff was hired on February 23, 1998.

7. Plaintiff's most recent direct supervisor was Christopher Dunn.

8. Plaintiff was fully qualified for her position, received outstanding performance evaluations throughout her tenure, received promotions and pay increases throughout her tenure, and was a highly valued and commended employee by her direct supervisor.

9. At all times relevant to this Complaint, Plaintiff suffered and suffers real

disabilities, was perceived as disabled, and has a record of disabilities including fibromyalgia, IBS, osteoarthritis and chronic idiopathic thrombocytopenia purpura and morbid obesity. These disabilities require the plaintiff to use a motorized wheelchair for personal mobility.

10. In or around April of 2019, Defendants decided to eliminate the Personnel Coordinator position and replace it with a new "People Lead" position.

11. The People Lead and Personnel Coordinator position were largely identical, except that the new People Lead was expected to wander the store among its employees, serving a much more visible role as a store and brand representative.

12. Walmart notified its Personnel Coordinators of the change in their positions and invited them to apply for the new People Lead positions.

13. Plaintiff was fully qualified for the new People Lead position and was able to perform all of the essential functions of the position provided the continued use of her wheelchair.

14. Plaintiff applied for the new People Lead position.

15. Plaintiff was one of approximately four or five employees who applied and tested for the new People Lead position at the West Union Store.

16. Plaintiff passed a "Readiness Assessment" for the position with flying colors and received an "excellent fit" on a simulated assessment.

17. Plaintiff was the most qualified candidate for the People Lead position at the West Union Store.

18. Plaintiff prepared for the interview component of the selection process and was fully prepared for the interview.

19. Plaintiff was the only candidate for the West Union People Lead position – having been recommended by West Union Store General Manager and having been the only candidate for the West Union Store People Lead position who satisfied the criteria to receive an interview.

20. Plaintiff submitted to the interview process on or about June 20, 2019.

21. At the interview, Regional HR Manager "Jeff" made a point to emphasize to Plaintiff how important "first appearances" are.

22. Plaintiff's interview performance was excellent, demonstrating her preparedness, engagement, action plans and forward thinking.

23. In or around early July of 2019, Plaintiff's store manager called her to the office to let her know that she had not been selected for the West Union Store People Lead position, despite the fact that she was the only qualified candidate for the position.

24. Thereupon, Plaintiff's Personnel Coordinator position was eliminated effective August 2, 2019 and Plaintiff's employment was terminated.

25. On August 2, 2019 the West Union People Lead position continued to remain unfilled.

26. Subsequent to termination of Plaintiff's employment, Plaintiff discovered that Defendants circumvented the People Lead candidacy process to hire Kristi Mueller, a less qualified and non-disabled individual, to the position.

27. While Ms. Mueller had initially applied for the position, she had not satisfied the criteria to move on to the interview process.

28. Ms. Mueller was never required to submit to the full Regional interview process.

29. Ms. Dixon timely filed charges of disability discrimination against Defendants with the United States Equal Employment Opportunity Commission on January 22, 2020 and March 9, 2020.

30. Ms. Dixon received dismissals and notices dated August 15, 2020 of suit rights relative to her EEOC charges against Defendants.

## COUNT I

## ADA - DISABILITY DISCRIMINATION

31. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

32. Defendants followed a policy and practice of discrimination against Plaintiff because of her disability, in violation of the ADA.

33. The policies and practices pursued by Defendants in violation of the ADA as alleged above discriminated against Plaintiff in ways that deprived her of employment opportunities, caused her severe anxiety and emotional distress, and otherwise adversely affected her status as an employee because of her disability, specifically depriving her of continued employment as the West Union Store People Lead.

34. Defendants discriminated against Plaintiff by depriving her of employment as the West Union Store People Lead.

35. Defendants deliberately and intentionally took adverse action against Plaintiff because of her real or perceived disabilities or her record of disabilities.

36. Defendants terminated Plaintiff's employment by refusing to select her for the West Union Store People Lead position, because of her real or perceived disabilities or her record of disabilities.

37. Defendants' discriminatory actions were intentional, willful, and wanton.

38. Defendants' above-described actions were fraudulent, malicious, wanton and willful, gross and egregious, exhibited a conscious disregard for the rights of Plaintiff, and had a great probability of causing substantial harm in violation of the ADA.

39. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff

has suffered and continues to suffer pain, humiliation, severe anxiety, emotional distress, lost wages, and other damages for which Defendant is liable.

## COUNT II

### R.C. 4112
### DISABILITY DISCRIMINATION / AIDING AND ABETTING THE SAME

40. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

41. Defendants followed a policy and practice of discrimination against Plaintiff because of her disability in violation of R.C. 4112.

42. The policies and practices pursued by Defendants in violation of R.C. 4112 as alleged above discriminated against Plaintiff in ways that deprived her of employment opportunities, caused her severe anxiety and emotional distress, and otherwise adversely affected her status as an employee because of her disability, specifically depriving her of continued employment as the West Union Store People Lead.

43. Defendants discriminated against Plaintiff by depriving her of employment as the West Union Store People Lead.

44. Defendants deliberately and intentionally took adverse action against Plaintiff because of her real or perceived disabilities or her record of disabilities.

45. Defendants terminated Plaintiff's employment by refusing to select her for the West Union Store People Lead position, because of her real or perceived disabilities or her record of disabilities.

46. Defendants' discriminatory actions were intentional, willful, and wanton.

47. Defendants' above-described actions were fraudulent, malicious, wanton and

willful, gross and egregious, exhibited a conscious disregard for the rights of Plaintiff, and had a great probability of causing substantial harm in violation of R.C. 4112.

48. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer pain, humiliation, severe anxiety, emotional distress, lost wages, and other damages for which Defendant is liable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays this honorable Court to award her judgment against Defendants upon her Complaint, jointly and severally, and to grant her the following relief:

A) Declaration that the acts and practices complained of herein are in violation of The ADA and R.C. 4112;

B) Injunctive relief enjoining and restraining Defendants from further interfering with the rights of Plaintiff and others as set forth herein;

C) Reinstatement to her position with Defendants, effective August 2, 2020, at the same rate of income, benefits, pension, and privileges as she would have enjoyed as the West Union Store People Lead through the date of judgment had she not been unlawfully terminated by Defendant, pursuant to federal and state law;

D) Backpay compensation for the loss of all the income, benefits, and privileges through the date of trial, as well as reasonable front pay, which amount cannot yet be ascertained;

E) Liquidated and Statutory Damages;

F) Compensatory Damages;

G) Punitive or Exemplary Damages;

H) Pre-judgment and post-judgment interest;

I) Reasonable attorney fees incurred in this action, pursuant to federal and state law;

J) The costs of this action; and,

K) Any such further relief the Court deems lawful, just or equitable.

                                      Respectfully submitted,

                                      */s/ Joseph F. Albrechta*
Joseph F. Albrechta (0008478)
John A. Coble (0016445)
ALBRECHTA & COBLE, Ltd.
2228 Hayes Avenue, Suite A
Fremont, Ohio 43420
(419) 332-9999 – Telephone
(419) 333-8147 – Facsimile
kwitte@lawyer-ac.com
jcoble@lawyer-ac.com

                                      /s/ Tod J. Thompson
Tod J. Thompson (0076446)
Plaintiff's Trial Lawyer
810 Sycamore Street, Floor Three
Cincinnati, Ohio 45202
(513) 322-4348 – Telephone
(513) 263-9001 – Facsimile
tod@tthompsonlaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable herein.

                                      */s/ Joseph F. Albrechta*
Joseph F. Albrechta (0008478)
Plaintiff's Trial Lawyer